UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE:

**FILED**

3/2/18

Date _____ Time

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DOUG LONGHINI,

        Plaintiff,

v.

MILL CREEK ASSOCIATES, LLC and
LAG SR ENTERPRISES INC.,

        Defendants.

6:18-CV-319-ORL-37-KRS

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues MILL CREEK ASSOCIATES, LLC, a Florida Limited Liability Company and LAG SR ENTERPRISES INC., a Florida Corporation (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing

and domiciled in Florida, and is otherwise *sui juris.*

5.      At all times material, Defendant, MILL CREEK ASSOCIATES, LLC, was and is a Florida Limited Liability Company, with its principal address and place of business in Kissimmee, Florida.

6.      At all times material, Defendant, MILL CREEK ASSOCIAETS, LLC, owned and operated a shopping plaza located at 1150 E. Vine Street, Kissimmee, FL 34744 (hereinafter the "plaza property") in Osceola County, Florida.

7.      At all times material, Defendant, LAG SR ENTERPRISES INC. was and is a Florida Corporation, with its principal place of business, agents and/or offices in Kissimmee, Osceola County, Florida.

8.      At all times material, Defendant, LAG SR ENTERPRISES INC., owned and operated a restaurant business located at 1166 E. Vine Street, Kissimmee, FL 34744, which is a unit located within the above-mentioned property owned by Co-Defendant, MILL CREEK ASSOCIATE4S, LLC.   Defendant, LAG SR ENTERPRISES INC, holds itself out to the public as "La Fuente Restaurant Bar & Restaurant."

9.      Venue is properly located in the Middle District of Florida because Defendants' property and restaurant businesses are located in Osceola County, Florida, Defendants regularly conduct business within Osceola County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Kissimmee, Osceola County, Florida.

<u>FACTUAL ALLEGATIONS</u>

10.      Although over twenty-five (25) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11.      Congress provided commercial businesses one and a half (1½) years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the

extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.  DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14.     Defendant, MILL CREEK ASSOCIATES, LLC, owns, operates and oversees the plaza property, its general parking lot and parking spots specific to the businesses therein and to include the Co-Defendant's restaurant, and common areas.   It owns, operates and oversees said plaza property and businesses located in Kissimmee, Florida that are the subject of this Action.

15.     The subject plaza property and restaurant business are open to the public and are located in Kissimmee, Florida.  The individual Plaintiff visits the plaza property and restaurant business regularly, to include a visit to the property and restaurant business on or about September 28th, 2017 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property and restaurant business and represent imminent harm to him via possible injury and patent violations of the ADA.   He plans to return to and often visits the plaza property and restaurant, in order to avail himself of the goods and services offered to the public at the businesses, if the property and restaurant business become accessible.

16.     Plaintiff visited the plaza property and restaurant business as a patron/customer,

regularly visits the restaurant and other plaza property businesses as a patron/customer, and intends to return to the plaza property and restaurant business in order to avail himself of the goods and services offered to the public at the property.   Plaintiff is domiciled nearby in the same State as the property, visits the Kissimmee/Orlando area several times a year, has regularly frequented the Defendants' Kissimmee plaza location and restaurant business for the intended purposes, and intends to return to the property and restaurant business within four (4) months' time from the date of this Complaint.

17.     The Plaintiff found the plaza property and restaurant business to be rife with ADA violations.   The Plaintiff encountered architectural barriers at the subject properties (the plaza property in general, the restaurant, etc.), and wishes to continue his patronage and use of each of the premises.

18.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the subject plaza property and restaurant business.   The barriers to access at Defendants' property and restaurant business each, have each denied or diminished Plaintiff's ability to visit the property and restaurant and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19.     Defendant, MILL CREEK ASSOCIATES, LLC, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant, MILL CREEK ASSOCIATES, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, MILL CREEK ASSOCIATES, LLC, owns and operates is the plaza property located at 1150 E. Vine Street, Kissimmee, FL 34744.

20.     Defendant, LAG SR ENTERPRISES INC., owns and operates, a place of public

accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, LAG SR ENTERPRISES INC., d/b/a La Fuente Bar & Restaurant, owns and operates is the restaurant business located at 1166 E. Vine Street, Kissimmee, FL 34744.

21.    Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination and imminent harm from the Defendants' non-compliance with the ADA with respect to the described plaza property and restaurant businesses, but not necessarily limited to the allegations in Paragraph 23 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property and restaurant business, in violation of the ADA. Plaintiff desires to visit the property, not only to avail himself of the goods and services available at the property and restaurant business, but to assure himself that the property and restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and restaurant business without fear of discrimination.

22.    Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the shopping plaza property and restaurant therein, as prohibited by 42 U.S.C. § 12182 et seq.

23.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the property and restaurant business, include but are not limited to, the following:

**AS TO THE PLAZA PROPERTY IN GENERAL AND DEFENDANT, MILL CREEK ASSOCIATES, LLC:**

A. **Parking**

    1. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    2. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. **Entrance Access and Path of Travel**

    1. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    2. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

3. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

## AS TO DEFENDANT, LAG SR ENTERPRISES INC. D/B/A LA FUENTE BAR & RESTAURANT

### A. Access to Goods and Services

1. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### B. Public Restrooms

1. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty using the restroom door without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not exit the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

9. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

11. The Plaintiff could not use the dispensers without assistance, as they are mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

12. The Plaintiff had difficulty using the urinals, as the rims are mounted too high. Violation: There are urinals provided for public use that do not comply with the standards set forth in Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards, whose resolution is readily achievable.

24. The discriminatory violations described in Paragraph 23 are not an exclusive list of the

Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and restaurant business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25.      The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.      Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are   necessary to afford

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at or within the shopping center, the main address for which is 1150 E. Vine Street, Kissimmee, Florida 347144, the interiors, exterior areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure

their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 26th, 2018

GARCIA-MENOCAL & PEREZ, P.L.
*Attorneys for Plaintiff*
4937 SW 74 Court, #3
Miami, FL 33155
Telephone:  (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: mpomares@lawgmp.com

By: _____
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610